IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLDEN EAGLE TAVERN, INC., and ANH HUYNH, owner,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF LANCASTER, LANCASTER CITY BOARD OF HEALTH, KIM WISSLER, in her individual capacity, JAMES DOUNTAS, in his official and individual capacities, and GARY HORNING, in his individual capacity,<br><br>    Defendants. | CIVIL ACTION<br>NO. 13-1426 |

## MEMORANDUM OPINION

**Schmehl, J.**                                    **March 4, 2013**

    This matter involves an allegedly unconstitutional seizure of Plaintiffs' restaurant liquor license by Defendant, James Dountas, a Pennsylvania State Police Liquor Enforcement Officer. Presently pending before the Court is the Motion to Dismiss of Defendant, James Dountas (Docket No. 21). For the reasons set forth below, I will grant the motion of Defendant Dountas and dismiss him from this action.

**I.  FACTUAL ALLEGATIONS**

    Plaintiffs are Golden Eagle Tavern, Inc. ("GET"), a restaurant/bar in the city of Lancaster, and Anh Huynh, the owner of GET. (Compl. ¶¶ 7-8.) Plaintiffs have operated the GET in Lancaster since 1987. (Compl. ¶ 9.) Prior to November 3, 2011, GET had a valid restaurant license issued by the City of Lancaster pursuant to its City Code. (Compl. ¶ 19) Plaitiffs also had a valid restaurant liquor license. (Compl. ¶ 20.) On November 3, 2011, Liquor Enforcement Officer James Dountas ("Dountas") attended an

inspection at GET performed by City of Lancaster Health Officer Kim Wissler. (Compl. ¶ 23.) On that date, Officer Wissler ("Wissler") found approximately 15 violations and closed GET due to "unsanitary" conditions. (Compl. ¶¶ 33-34.) Plaintiffs' Complaint also alleges that Dountas and Wissler made "false statements" to the press about the condition of GET. (Compl. ¶ 74.) Plaintiffs allege that the violations were quickly remedied and despite repeated attempts to contact Wissler to re-inspect the restaurant, Wissler failed to perform a re-inspection of GET. (Compl. ¶¶ 52-53, 55.)

On November 9, 2011, an emergency hearing was held by the City Board of Health and as a result, GET's restaurant license was revoked. (Compl. ¶¶ 61-62.) As a result of the revocation of GET's restaurant license by the City, GET's liquor license was placed in safekeeping by the LCB, where it remains to this day. (Compl. ¶69.) GET has been closed since November 3, 2011. Plaintiffs' filed the instant action on March 15, 2013.

Plaintiffs' Complaint sets forth the following causes of action against Defendant Dountas: 1) declaratory judgment; 2) unconstitutional seizure under the Fourth Amendment; 3) procedural due process violations; and 4) substantive due process violations. (See Compl.)

## II.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in

the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### III. DISCUSSION

#### A. Motion to Dismiss.

Defendant Dountas seeks to have Plaintiffs' Complaint dismissed for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Dountas argues that Plaintiffs' Complaint does not state § 1983 claims against Dountas under the facts set forth in the Complaint. A close reading of Plaintiffs' Complaint shows that none of the civil rights allegations against Dountas have merit. Accordingly, I will grant Dountas' Motion to Dismiss with prejudice.

#### 1. Unreasonable Seizure

Plaintiffs' Complaint sets forth a cause of action against Dountas for "unconstitutional seizure" under the Fourth Amendment, stating that Defendant Dountas seized Plaintiffs' property without cause, and deprived Plaintiffs of their liquor license.[1]

---

[1] Plaintiffs' Complaint is somewhat unclear as to whether they are claiming that Defendant Dountas also deprived them of their *restaurant* license. To the extent Plaintiffs are alleging Dountas contributed to the

(Compl. ¶¶ 91-92.) A seizure of property occurs under the Fourth Amendment when "there is some meaningful interference with an individual's possessory interests" in that property. Marcavage v. Borough of Lansdowne, 493 Fed. Appx. 301, 307 (3d Cir. 2012) (quoting Soldal v. Cook County, 506 U.S. 56, 61 (1992)). However, it is undisputed that a liquor license is not considered property in Pennsylvania. To the contrary, a liquor license constitutes a "privilege between the board and the licensee." See 47 P.S. § 4-468(d); 1412 Spruce, Inc. v. Com., Pennsylvania Liquor Control Bd., 474 A.2d 280, 283 (Pa. 1984). As Plaintiffs never had a protected property interest in the liquor license in question, their Fourth Amendment claim must fail. A valid property interest is necessary for a seizure to have occurred in violation of the Fourth Amendment. Further, as the liquor license in question is being held in suspense for Plaintiffs by the LCB and remains in suspense to this day, it is not even clear that a seizure of the liquor license has actually occurred.

### 2. Procedural Due Process

Plaintiffs also assert a claim under § 1983 for a violation of their procedural due process rights. In this regard, Plaintiffs allege that Dountas confiscated their property interest in their liquor license without an adequate pre-deprivation or post-deprivation hearing in violation of the Fourth Amendment. (Compl. ¶¶ 101-102.) The Due Process Clause states that no state shall "deprive any person of life, liberty, or property without due process of law." Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

---

alleged deprivation of their restaurant license, I find this argument to be without merit. Dountas had no authority to revoke Plaintiffs' restaurant license, as he was employed by the Pennsylvania Liquor Control Board and not the City of Lancaster, the issuing authority for Plaintiffs' restaurant license.

4

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for duress.

42 U.S. C. § 1983. To state a valid procedural due process claim under § 1983, plaintiffs must show that 1) defendant acted under color of state law in depriving them of a protected property interest; and 2) state and local procedures for challenging the deprivation are inadequate. Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Before examining the adequacy of the City's procedures for challenging the alleged deprivation, it must first be determined if plaintiffs had a protected property interest under the Due Process Clause. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

As discussed above, a liquor license is not a protected property interest in Pennsylvania. *See* 1412 Spruce, Inc., 474 A.2d 283. Therefore, Plaintiffs have no procedural due process claim based upon the loss of their liquor license, as they were not deprived of a protected property interest.

### 3. Substantive Due Process

Plaintiffs also claim that Defendant Dountas violated their substantive due process rights in his handling of their liquor license. To prevail on a non-legislative substantive due process claim[2], Plaintiffs must establish that they have a protected property interest

---

[2] Substantive due process distinguishes between legislative acts and non-legislative or executive acts. Non-legislative acts such as the instant licensing decision typically apply to one person or to a limited number of persons, while legislative acts apply to large portions of society. Homar v. Gilbert, 89 F.3d 1009, 1027 (3d Cir. 1996) (Alito, J., concurring in part and dissenting in part). When a plaintiff challenges a non-legislative state action, courts must look to whether the property interest being deprived is 'fundamental' under the Constitution. If it is, then substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used. If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive process and will be upheld so long as

5

to which the Fourteenth Amendment due process protection applies. Nicholas v. Pennsylvania State University, 227 F.3d 133, 139-40 (3d Cir. 1995). The interest in question must be fundamental under the U. S. Constitution. "Not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." Nicholas, 227 F.3d at 140, citing Reich v. Beharry, 883 F.2d 239, 243 (3d Cir.1989). Rather, to state a substantive due process claim, "a plaintiff must have been deprived of a particular quality of property interest." DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 598 (3d Cir.1995).

To date, the Third Circuit has limited non-legislative substantive due process review to cases involving real property ownership. *See, e.g.*, DeBlasio, 53 F.3d at 600 ("[land] ownership is a property interest worthy of substantive due process protection"). Clearly, a liquor license does not rise to the level of a fundamental interest entitled to protection by the U.S. Constitution, such as ownership of property, and Plaintiffs have set forth no case law to support this position. Further, as discussed previously, Plaintiffs do not have a protected property interest in their liquor license. Accordingly, Plaintiffs' substantive due process claim against Dountas must also be dismissed.

    **4. Liberty Interest**

To the extent Plaintiffs are claiming that they had a protected liberty interest in the liquor license in question, that argument also must fail. Plaintiffs' Brief in opposition to Dountas' Motion to Dismiss states that Plaintiffs "have a liberty interest in their reputation." Pl's Br. at p. 17. Courts have found that reputation *alone* is not an interest protected by the Due Process Clause. Hill v. Borough of Kutztown, 455 F.3d at 236. To

---

the state satisfies the requirements of procedural due process. Nicholas v. Pennsylvania State Universtiy, 227 F.3d 133, 142.

6

make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must satisfy the "stigma-plus" test. Id. Plaintiffs must "show a stigma to [their] reputation plus deprivation of some additional right or interest." Hill, 455 F.3d at 236. In order "[t]o satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statements 1) were made publically, and 2) were false." Id.; see also Logan v. Salem Baptist Church of Jenkintown, No. 10–144, 2010 WL 3155261, at *4 (E.D.Pa. July 30, 2010)(Joyner, J.). However, some other interest or right must be adversely affected, along with stigma to reputation, before a liberty interest can be shown to exist. Until a deprivation of this additional interest or right is proven, no liberty interest is present. MFS, Inc. v. DiLazaro, 771 F. Supp. 2d 382, 436 (E.D. Pa. 2011) aff'd, 476 F. App'x 282 (3d Cir. 2012).

In the instant case, I have determined that Plaintiffs do not have a protected property interest in their liquor license. Therefore, even assuming Plaintiffs' reputation has somehow been damaged by Dountas, Plaintiffs' claims of unreasonable seizure and due process violations fail and cannot satisfy the second element of the stigma-plus test. Plaintiffs cannot prove the deprivation of any additional interest or right, and therefore, cannot meet the stigma-plus test for a liberty interest. Accordingly, their claims against Dountas for violation of a protected liberty interest must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Dountas' Motion to Dismiss is granted and Plaintiffs' Complaint is dismissed with prejudice as to Dountas.